UNITED STATES of America,
Appellee,

v.

Willie COREAS, Defendant–Appellant.

Docket No. 03–1790–CR.

United States Court of Appeals,
Second Circuit.

Argued: Feb. 3, 2005.

Decided: Aug. 18, 2005.

Filed: Oct. 4, 2005.

Decided: Oct. 12, 2005.

Demetri Jones, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger, Assistant Unit-

ed States Attorney, on the brief), Brooklyn, New York, for Appellee.

Harold Price Fahringer, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP, New York, New York (Richard B. Schwartz, Schwartz & Grodofsky, Mineola, New York, and Erica T. Dubno, Lipsitz, Green, Fahringer, Roll, Salisbury & Cambria, LLP, New York, New York, on the brief), for Defendant–Appellant.

Before: JACOBS and CALABRESI, Circuit Judges, and RAKOFF, District Judge.[*]

## ON PETITION FOR REHEARING

PER CURIAM.

In its original opinion, this panel reluctantly held that it was required by the recent precedent of *United States v. Martin*, 2005 WL 1840042, 418 F.3d 148 (2d Cir.2005) ("*Martin I* ") to affirm appellant Coreas' conviction. *See United States v. Coreas*, 419 F.3d 151, 157–59 (2d Cir.2005). In his petition for rehearing, Coreas argues that the facts of his case are sufficiently distinguishable from those of *Martin* that this panel is free to rule otherwise. Subsequent to Coreas' filing of his petition, a majority of the *Martin* panel made a similar suggestion in denying a petition for rehearing in that case. *See United States v. Martin*, 426 F.3d 83 (2d Cir.2005) ("*Martin II*").[1] Having carefully considered both Coreas' arguments and those of *Martin II*, we reaffirm our earlier determination that we are bound by *Martin* to uphold the search of Coreas' home and, thus, his conviction.

Coreas and the panel majority in *Martin II* suggest that there may be a meaningful difference between the "girls 12–16" e-group that Martin joined and the "Candyman" e-group that Coreas joined. They emphasize that, although the two e-groups operated identically from a technical standpoint, the website invitation to join the girls 12–16 group was more extensive and somewhat more explicit than the corresponding Candyman message. But, as Judge Pooler notes in her dissent in *Martin II*, in both cases the website messages contained invitations both to post pictures and to engage in free speech, *see Martin II*, at 91 (Pooler, J., dissenting), and the rambling message on the girls 12–16 website made no more clear than the brief Candyman message that the group's "primary purpose" was the exchange of child pornography. Indeed, if anything, the girls 12–16 message was more heavily focused than the Candyman message on the various discussions members could have.[2]

Furthermore, as Judge Pooler also notes, once the false information provided by the FBI agent is excised, there remains no evidence whatever that the defendant in either case had actually downloaded any illegal visual depictions. *See id.* at 91. The *Martin II* majority responds to this critical point by noting that a search warrant requires only probable cause that the place to be searched contains evidence of a crime, not probable cause to believe that the occupant of the place has committed that crime. *See Martin II*, 426 F.3d at 86, 87. But this distinction is irrelevant here,

[*] The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

[1]. Judge Pooler, as she had in *Martin I*, dissented in *Martin II*. *See Martin II*, at 89 (Pooler, J., dissenting).

[2]. Nor is this a situation, as *Martin II* implies, where it might be appropriate to accord deference to a ruling by a magistrate judge that one website was more focused on child pornography than the other, since the warrants were issued, not on the basis of any such distinction, but on the basis of the false representations that the respective defendants had in fact downloaded child pornography.

because the homes listed in the warrant application were to be searched for evidence of their occupants' crimes, and no one else's. Moreover, there still must be "probable cause" to believe that evidence of the crime exists at the location to be searched. Once the false statements of the FBI agent are excised, the only such "evidence" that remains in either case is the fact that Coreas and Martin had logged onto the respective websites and clicked the buttons indicating they wished to join. In neither case is there any evidence whatever that *anyone* on their premises ever downloaded any child pornography.

As for the suggestion in *Martin II* that clicking on to the websites here in issue is analogous to joining a "marijuana collective," see *id.* at 88, this would in no way distinguish the two cases here and thus provides no basis for our granting rehearing as long as *Martin I* remains good law. We also agree with Judge Pooler that the analogy is flawed. *See Martin II*, at 89–90 (Pooler, J., dissenting). Finally, even if the analogy were more apt than we believe it is, there is no evidence that Coreas (and for all we know Martin), after once clicking on the website, ever returned to the website again in any respect. Thus, Coreas and Martin were less like the members of the marijuana collective that *Martin II* envisions and more like individuals who wander inside the collective once but never return.

Accordingly, for the foregoing reasons and the reasons stated in our original opinion, we believe that *Martin I* was wrongly decided but that it compels us to affirm Coreas' conviction in this case. The petition for rehearing is denied.